# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RONALD HONTZ, | § | |
| BOP No. 14190-086 | § | |
|   Movant, | § | |
| | § | |
| v. | § | Civil Action No. 7:23-cv-098-O |
| | § | Criminal Action No. 7:22-cr-010-O-2 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|   Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Christopher Ronald Hontz ("Movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. *See Motion*, ECF No. 1.[1] The Court, having considered the motion, response, reply, and applicable authorities, concludes the motion is **DENIED**.

### I.  BACKGROUND

On March 9, 2022, Movant was indicted on one count of conspiracy to possess with intent to distribute a controlled substance. CR ECF No. 38. He plead guilty by way of a plea agreement and was sentenced to 78 months' imprisonment and three years of supervised release. CR ECF Nos. 65, 153. Movant did not appeal his conviction and it became final. He timely filed the instant § 2255 motion on September 15, 2023.[2]

---

[1] All "CR ECF No.__" citations refer to the related criminal case, *United States v. Christopher Ronald Hontz*, 7:22-cr-010-O-2 and all "CV ECF No.__" citations refer to this § 2255 case.

[2] Movant filed an amended § 2255 motion on October 17, 2023. *See Amended Motion*, CV ECF No. 4. The Court is reviewing the amended motion and treating the original § 2255 motion (CV ECF No. 1) as a brief in support because Movant refers back to the original motion in his live pleading.

1

## II.     GROUNDS OF THE MOTION

Movant raises two grounds in support of his motion, each based on alleged ineffective assistance of counsel. *See Motion*, CV ECF No. 1 at 2-5.

## III.    APPLICABLE LEGAL STANDARDS

**A. 28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir.1981). In other words, a writ of habeas corpus will not be allowed to serve as an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

**B. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show:

>
> (1) counsel's performance fell below an objective standard of reasonableness; and
>
> (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

*Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Harrington v. Richter*, 562 U.S. 86, 112 (2011); *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

### A. Ineffective Assistance of Counsel Pre-Plea

Movant's pre-plea ineffective assistance of counsel arguments are conclusory. Movant alleges his counsel was ineffective prior to his plea of guilty because counsel failed to "challenge the actual charging documents," file a "motion to suppress," request a bill of particulars, or diligently investigate "so that the actual facts underlying the Government's charges could be assessed." CV ECF No. 1. at 2-3. However, because he entered a plea of guilty, Movant waived all nonjurisdictional defects in the proceedings, including ineffective assistance of counsel, "except

3

insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *see also United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (a guilty plea also eliminates objections to searches and seizures that violate the Fourth Amendment). He makes no such claim.

Movant does not argue his plea was involuntary, but rather complains his counsel's trial strategy "impacted sentencing." CV ECF No. 1. at 5; *see William v. Beto*, 354 F.2d 698, 703 (5th Cir. 1965). These complaints are not of the constitutional or jurisdictional magnitude and could have been, but were not, raised on direct appeal. *See Carrillo v. United States*, No. A-12-CR-234 (2)-SS, 2016 WL 320995, at *2 (W.D. Tex. Jan. 26, 2016) (quoting *United States v. Stumpt*, 800 F.2d 842, 845 (5th Cir. 1990)). He does not plead that he was unable to raise the claims on direct appeal and that disregarding the claims would result in a complete miscarriage of justice. *See United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). Moreover, his motion is void of any "cause" for his procedural default and "actual prejudice" resulting from the error. *See United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Movant cannot satisfy *Strickland*'s burden of showing counsel's performance fell below an objectively reasonable standard and, but for counsel's performance, the outcome of the proceedings would differ. Accordingly, he cannot prevail on this ground for relief.

### B. Ineffective Assistance of Counsel During Plea-Process and Sentencing

Movant's claim his counsel was ineffective during his plea and at sentencing lack merit. He claims his counsel "failed to provide objections to the Pre-Sentence Investigation Report," "prepare a Sentencing Memorandum," or "arrange for the presentation of testimony or other evidence at sentencing with respect to 18 U.S.C. 3553(a) factors." CV ECF No. 1 at 4. Movant is incorrect—his counsel *did* object to the PSR. *See Objections to Pre-Sentence Report*, CR ECF No.

142. Specifically, his counsel objected to the amount of seized methamphetamine the PSR attributed to Movant:

> [T]he only known amounts of seized methamphetamine attributed to Hontz in the PSR are the 24 grams of [methamphetamine] taken from [co-defendant] and the 18.75 grams taken from Hontz . . . Even assuming that the PSR could attribute the 42 grams discussed in the text messages, the total amount would then be approximately 85 grams, not 727.

CR ECF No. 142 at 2. This advocacy clearly meets *Strickland*'s objective standard of reasonableness.

With respect to the presentation of testimony or evidence concerning the 18 U.S.C. 3553(a) factors and similar to the above discussion, Movant does not call into question the voluntariness of his plea. Solemn declarations in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. *Id*. When a § 2255 movant's factual allegations are refuted by his own testimony given under oath during his plea proceedings, he is not entitled to be heard on the new factual allegations absent corroborating evidence such as the affidavit of a reliable third person. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985); *United States v. Sanderson*, 595 F.2d 1021, 1022 (5th Cir. 1979). This result is necessitated by the interest of finality in the criminal process. *Sanderson*, 595 F.2d at 1022.

The record supports Movant was fully informed of the consequences of his plea of guilty and its implications for sentencing. Movant was advised the maximum penalty for his offense was 20 years when he entered his plea of guilty and during the Court's plea dialog. CR ECF No. 65 at 2. Movant confirmed his counsel explained the guidelines used for sentencing and that he understood the sentence imposed was solely within the district court's discretion pursuant to the §

3553(a) factors. CR ECF No. 65 at 2. It logically follows his counsel's actions were within the standard of reasonableness under *Strickland*. Even so, as plead, Movant does not satisfy *Strickland*'s second prong—in the context of sentencing, but for counsel's error, his sentence would have been lighter. As such, Movant is not entitled to relief on these grounds.

## V. CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **7th day** of **February 2025.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**